[For other cases involving this patent, see note to Sickels v. Mitchell, Case No. 12,835.]

---

## Case No. 12,835.

### SICKELS v. MITCHELL.

[3 Blatchf. 548.][1]

Circuit Court, S. D. New York. March 3, 1857.

PATENTS—INJUNCTION—DEFENCES TO—WHEN MAY
BE ISSUED.

1. In order to successfully resist a motion for an injunction to restrain the infringement of a patent, where no question is made as to the use by the defendant of the thing patented, facts must be shown, on the part of the defendant, tending to prove that the plaintiff was not the inventor of the thing patented within two years before his application for the patent.

2. It is not a sufficient answer to such a motion, that the infringement has been discontinued and is not intended to be resumed, no compensation for the unlawful use having been made.

[Cited in Potter v. Crowell, Case No. 11,323.]

3. There is no necessity that the validity of a patent should be established on a trial at law, before an injunction can be granted, where the case is a clear one for the plaintiff, even though it be shown that the defendant is able to respond in damages.

[Cited in Hodge v. Hudson River R. Co., Case No. 6,560; Consolidated Fruit-Jar Co. v. Whitney, Id. 3,132.]

This was an application [by Frederick E. Sickels] for a provisional injunction to restrain the infringement of letters patent [No. 4,199] granted to the plaintiff, September 19th, 1845, for an "improvement in the mode of connecting the steam-cylinder with the steam-chest." [The patent was reissued February 21, 1860 (No. 910); January 1, 1861 (No. 1,113) and January 21, 1862 (No. 1,260).] The bill alleged that the defendant [Samuel L. Mitchell] had used the patented invention in the engines of the steamships Augusta and Knoxville.

Edward N. Dickerson, for plaintiff.

Erastus C. Benedict, for defendant.

INGERSOLL, District Judge. By the 7th section of the act of March 3d, 1839 (5 Stat. 354), if a patentee is the original and first inventor of an improvement at any time within two years before his application for his patent, this is sufficient to sustain his right to the improvement, although others may have known of it and used it during that period. No claim is made, in this case, that

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

the patent issued to the plaintiff is void on its face. And no knowledge or use of the improvement by any one will deprive him of his exclusive right, unless such knowledge or use was for more than two years prior to his application for the patent. Is there, then, any proof, on the part of the defendant, which tends to rebut the legal presumption afforded by the patent, that the plaintiff was the inventor and discoverer of the improvement, or which tends to show that it was either used or known by any one more than two years prior to his application for a patent?

The only proof upon this subject is that afforded by the affidavits of Thomas B. Stillman and of the defendant. Mr. Stillman is one of the firm of Stillman, Allen & Co., who built the engines of the Knoxville and Augusta with the steam-chests and cylinders which are the subject of complaint. He is brought forward to prove that the plaintiff was not the inventor of the improvement, and that it was known and in use before the issue of the patent. For this purpose he says, "that casting cylinders and steam-chests together is an old practice, well known to the trade before the date of the plaintiff's letters patent." He further says, "and, before that" (the date of the plaintiff's patent), "the very same arrangement as that claimed by the plaintiff was known to the trade." He does not say that "the very same arrangement as that claimed by the plaintiff" was in use before the patent was issued; neither does he say that this arrangement was known two years before the application for the patent. These are all the facts which he states bearing on the question or originality, or prior use or knowledge. As, therefore, he does not deny the allegations in the bill, that the plaintiff was the first and original inventor of the improvement patented, and as he does not state that the improvement patented was either known or used two years before the application for the patent, it must at once be seen, that what he states on this subject (admitting it to be all true) does not tend to prove the essential facts which must be proved in order to deprive the plaintiff of the right to the improvement patented. No material allegation in the bill is denied by the above-recited facts stated by Mr. Stillman. They are all the facts which he states applicable to the question under immediate consideration. He does, indeed, say that he "and his firm deny the validity of the plaintiff's patent, and intend to contest the same in good faith." But the facts which he states as a reason for contesting the patent do not afford even the semblance of a defence to a suit on the patent.

The defendant, in his affidavit, says, "that he does not know whether the plaintiff's alleged patent is a valid patent or not, but he is advised by those who are more competent to judge of such matters than he is, and denies that the said plaintiff has a valid patent for the union of the steam-chest and cylinder in the manner mentioned in the bill," and "that he intends in good faith to contest the same." He does not deny the allegations in the bill, that the plaintiff was, before the date of the patent, the original inventor of the improvement patented, and that said improvement had not been known before his invention. Nor does he allege any use by any one of the improvement patented, prior to the date of the patent. Indeed, he says that the use of it has been but recent. As he does not deny these allegations, he thereby admits them. He says he does not know whether the plaintiff's patent is a valid one or not, but that some one whom he thinks more competent to judge of such matters than he is, has advised him that it is not; and therefore he denies it to be a valid patent. On what other ground, if any, he so denies, it is difficult to conceive. It is not on the ground that the plaintiff was not the original inventor of the improvement patented, for he does not deny that the plaintiff was such original inventor. It is not on the ground that the invention was known and used before the discovery of the plaintiff, for he does not deny the allegation of the bill in that respect, or claim in his affidavit any such prior knowledge or use. He says that he shall contest the patent, but he states no facts which, if established, would justify him in contesting it. Neither of these affidavits makes any allegations which, if taken to be true, would invalidate the patent. It must, therefore, be considered as a valid one.

The next question is—does the defendant use the invention, as charged in the bill? There is no denial by the defendant of such use, except that he says that the steamer Knoxville is destroyed by fire, and that the invention is not now used upon her, and is not intended by him to be used upon her, and that he has no interest in her. He has made no compensation to the plaintiff for such use, and no compensation has been made to him by any one for such use. Upon this state of facts, the plaintiff is entitled to the relief sought by injunction, unless additional facts are made to appear to prevent such a result.

Have such additional facts been made to appear? The defendant says that the validity of the plaintiff's patent has never been tried in any action either at law or in equity; that the steamer Augusta, on which the invention is alleged to be in use, is one of a line of ocean steamers, whose being laid up by an injunction would be a great public calamity; that it would be impossible to remove her cylinder, and substitute another, without an enormous expense, and a consumption of several months of time; that he is not making any profits by the use of the invention; that he is willing to pay for it, whenever the plaintiff's right to it, and the infringement of it, shall have been legally established; that the issuing of the injunction would cause irreparable and unnecessary

injury, without any benefit to the plaintiff; and that he is able to respond in any amount of damages which the plaintiff may recover for the use of the invention.

There is no necessity that the validity of a patent should be established in a trial at law, before an injunction can be granted. The chief use of its being so established, is to show, where a defendant denies that the patentee was the inventor, or claims that the invention was known and used two years before the application for the patent, that there is no foundation for such denial or for such claim. But, in this case, there is no sufficient denial of the invention by the plaintiff, and no sufficient allegation that the invention was either known or used two years before the date of the application for the patent. The other allegations are not sufficient to stop the injunction. It is too much for a defendant, in a clear case, to insist upon having the privilege of using a patented invention, for the reason that he is able to pay the damages which may be awarded against him, at the end of a protracted litigation to ascertain their amount. The plaintiff may not be as able to prosecute a suit as the defendant is to defend. And, if the evils which the defendant sets forth are to follow, by the granting of an injunction, he could easily have avoided them. The ground of complaint in the bill is, that the defendant is using the invention, without paying a reasonable sum therefor. There would have been no cause of complaint, if the defendant had paid a reasonable sum for the use of the invention. This he has not done, and he has refused to pay any thing, unless compelled to pay by the judgment of a court. The plaintiff has a right to demand of the defendant, if he wishes to use the invention, to first pay for such use. And, if he will not pay, and if the evils follow which he predicts, by his being compelled to desist, he has no one to blame but himself. As the case is now presented, the right of the plaintiff is clear, and the violation of right on the part of the defendant is equally clear. I consider the case as it is now presented upon the bill, affidavits, and other papers in evidence, and not as it may by possibility be presented at some other time. Let the injunction issue as prayed for.

[For other cases involving this patent, see Sickels v. Falls Co. Case No. 12,834; Same v. Evans, Id. 12,839; Case v. Borden, Cases Nos. 12,832, 12,833; Same v. Tileston, Case No. 12,-837; Steam-Packet Co. v. Sickles, 10 How. (51 U. S.) 419.]